CULPEPPER, Judge.
This is a suit for damages for personal injuries to a pedestrian who was struck by an automobile. Plaintiff is the father of the minor youth who was struck. Defendants are the driver of the vehicle and his liability insurer. From an adverse judgment, plaintiff appealed.
The issues are: (1) Was the pedestrian negligent in placing himself in a position of peril? (2) Despite any negligence on the pedestrian’s part, are defendants liable under the doctrine of last clear chance?
The accident occurred at about 3:30 p. m. on the exit of U. S. Highway 90 East *599 from Interstate Highway 10 in the City of Lake Charles, Louisiana. At this location, Interstate Highway 90 East has two lanes, both for east bound traffic, and is 27 feet in width. A light rain was falling and the concrete surface of the highway was wet.
Plaintiff’s 18 year old son, Joseph N. Redmond, Jr., was riding as a passenger on the front seat and Howard Davis on the rear seat of an automobile being driven by Walter Captain in an easterly direction on Highway 90. At a point near the intersection of this highway with Albert Street, Mr. Captain stopped his automobile in the left lane, near the left curb, to allow young Redmond and Davis to get out and go to their respective homes. Both passengers got out on the right-hand side. Immediately thereafter the plaintiff’s son was struck by the left side of the left front fender of an automobile being driven in an easterly direction by the defendant, Don Allen Blume. As a result, young Redmond sustained a fracture of his right leg above the knee and other injuries.
The district judge was correct in finding young Redmond negligent. The youth admitted he did not see defendant’s automobile prior to the impact. He either did not look or did not see defendant’s car which was clearly visible. Redmond was negligent in alighting from the right-hand side of the Captain automobile while stopped in the left lane of a busy highway, without taking reasonable precautions to observe traffic approaching from the rear.
The next issue is whether despite Redmond’s negligence, defendants are liable under the doctrine of last clear chance. In a well considered written opinion the district judge found the following facts which are amply supported by the record:
“* * * the Court has concluded from the evidence that there was not sufficient time for the defendant Blume to avert this accident through the exercise of reasonable means at the moment he either discovered or should have discovered that the young Redmond boy was in a position of peril.
“The Court was impressed with the sincerity of Mr. Blume, and I might also add I was impressed with the sincerity of the Redmond boy. Mr. Blume testified when he reached the point approximately forty to forty-five feet from the Captain car, he saw both doors open on the right side. Immediately thereafter two persons alighted from the vehicle. He was able to blow his horn and applied his brakes, but the latter was not done until the Redmond boy walked into the left front fender of his automobile. Mr. Blume contends that he was traveling at a speed of from thirty to thirty-five miles per hour in the right traffic lane.
“Young Redmond testified that he did not see the other car until after the accident occurred, and that he was struck immediately after he got out of the car. He did not know whether he was north or south of the center line at the time of the impact.
“Howard Davis testified that he was at the rear of the Captain car at the time of the impact, and did not see it occur. He also did not know the exact position of the Redmond boy at that time.
“Mr. Captain testified that young Redmond was on the north side of the center line when struck. However, it is difficult for the Court to see how he could have observed this with the door closed. In other words, I do not think that he could have seen the center line from the driver’s position in the vehicle with its right front door closed.
“Thus, it was not established with the required degree of certainty just where this impact occurred, and the proof offered by plaintiff was not sufficient to overcome Mr. Blume’s testimony that he was on his own side of the highway at such time.
*600 “With respect to plaintiff’s contention of speed, none of the occupants of the Captain car saw the Blume automobile until the moment of impact, and thus were not in a position to determine its speed with any degree of accuracy. The only thing the plaintiff might contend supported his position that the Blume car was traveling in excess of thirty-five miles per hour was the admission by the defendant that he traveled from one hundred to one hundred twenty feet in bringing his car to a stop after the impact. In view of the wet highway the Court is not convinced that this automobile could have been stopped any sooner while traveling thirty-five miles per hour, as Mr. Blume contends.”
In Fontenot v. Travelers Indemnity Co., 134 So.2d 330 (La.App. 3rd Cir. 1961), writ of certiorari denied, we stated the applicable law as follows:
“For the successful invocation of the doctrine of last clear chance in a case of this kind, it is necessary that the following facts or circumstances be established: (1) that the pedestrian was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) that the driver of the motor vehicle actually discovered or was in a position where he should have discovered the pedestrian’s peril; and (3) that, at the time, the driver of the motor vehicle, with the exercise of reasonable care, could have avoided the accident.” (Citations omitted)
We agree with the trial judge that in the present case the first two requirements of the doctrine of last clear chance are present, i.e., (1) the pedestrian was in a position of peril of which he was unaware and from which he was unable to extricate himself and (2) the driver of the motor vehicle actually discovered the pedestrian’s peril. However, the third requirement is absent. The defendant motorist did not actually discover, nor could he have discovered with the exercise of reasonable care, the pedestrian’s peril in time to avoid the accident.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.